Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAVEN Z. WALLACE, *on behalf of herself and those similarly situated,*<br><br>     Plaintiff,<br><br>   vs.<br><br>CONVERGENT OUTSOURCING INC.; VELOCITY INVESTMENTS, LLC; and JOHN DOES 1 to 10,<br><br>     Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Raven Z. Wallace, by way of Class Action Complaint against Defendants,

Convergent Outsourcing, Inc.; Velocity Investments, LLC, and John Does 1 to 10 states:

## I.    NATURE OF THE ACTION

1.    This class action for statutory damages arises from the Defendants' violations of

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, by attempting to collect amounts not permitted by law or contract, by misstating the amount due, and by threatening suit to coerce payments on debts barred by the applicable statute of limitations.

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.      PARTIES

5.      Plaintiff Raven Z. Wallace ("Plaintiff" or "Wallace") is a natural person residing in Bergen County, New Jersey.

6.      Defendant Convergent Outsourcing, Inc. ("Convergent") is a foreign corporation with its principal place of business at 800 SW 39th Street, Renton, WA 98057.

7.      Defendant Velocity Investments, LLC ("Velocity") is a New Jersey limited liability company located at 1800 Route 34N, Suite 404A, Wall, New Jersey 00719.

8.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9.       In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A. Background

10.      Defendants are not in the business of extending credit, selling goods or services to consumers.

11.      Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.      The principal purpose of Defendants is the collection of debts.

13.      When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14.      Velocity is litigious debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

15.      In connection with Velocity's efforts to collect consumer debts, Velocity routinely hires other debt collectors, such as Convergent, in an effort to collect the consumer debts.

16.      Velocity also hires collection attorneys and/or law firms in the State of New Jersey to file lawsuits against New Jersey consumers in efforts to collect the consumer debts.

17.     Velocity files thousands if not tens of thousands of collection lawsuits in the State of New Jersey, clogging the State Court's docket, wasting judicial resources and harassing New Jersey consumers.

18.     Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from Chase Manhattan Bank ("Debt" or "Account").

19.     The Debt arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, or household purposes.

20.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

21.     Defendants contend that the Account was past-due and in default.

22.     The Account was past-due and in default when it was purchased by Velocity.

23.     After purchasing the past-due and defaulted Account for pennies on the dollar, Velocity, either directly or through intermediate transactions, assigned, placed, or transferred the Account with Convergent for collection.

24.     Convergent is a collection agency.

25.     The Account was assigned to Convergent for the purpose of collecting the Debt.

26.     The Account was past-due and in default when it was placed with or assigned to Convergent for collection.

27.     At all times relevant hereto, Convergent acted on behalf of Velocity in an attempt to collect the Debt.

28.     At all times relevant hereto, the acts and omissions of Convergent were incidental to or taken within the scope of the responsibilities given and authorized by Velocity.

**B.  Unlawful Collection**

29.     In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on July 20, 2016 (the "Convergent Letter"). A true but redacted copy of the Convergent Letter is attached as **Exhibit A**.

30.     Plaintiff received and reviewed the Convergent Letter.

31.     Defendants are not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

32.     "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

33.     "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

34.     Defendants are not permitted to engage in the "consumer loan business" since they did not first obtain a license pursuant to the NJCFLA.[4]

35.     Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Velocity, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

36.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

## V.    CLASS ACTION ALLEGATIONS

37.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> **Class**: All natural persons with addresses in the State of New Jersey against whom, beginning July 19, 2016 through and including the final resolution of this case, Velocity Investments, LLC attempted to collect a consumer debt.

> **Subclass**: All natural persons with addresses in the State of New Jersey against whom, beginning July 19, 2016 through and including the final resolution of this case, Convergent Outsourcing, Inc. attempted to collect a consumer debt on behalf of Velocity Investments, LLC.

38.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

39.     The Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

> A.     Whether Defendants are debt collectors under the FDCPA;

> B.     Whether Defendants' engagement in the lay collection business constitutes a misrepresentation of the ability to collect a debt under New Jersey law;

C.      Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

D.      Whether Plaintiff and the Class are entitled to damages.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

42.    The claims of the Plaintiff are typical of the claims of the members of the Class.

43.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44.    Plaintiff does not have interests antagonistic to those of the Class.

45.    The Class, of which Plaintiff is a member, is readily identifiable.

46.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

47.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

48.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.     VIOLATIONS OF THE FDCPA

49.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

50.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51.     The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

52.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

53.     Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

54.     The Convergent Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

55.     At all times relevant hereto, Convergent acted on behalf of Velocity in an attempt to collect the Debt.

56.     At all times relevant hereto, the acts and omissions of Convergent were incidental to or taken within the scope of the responsibilities given and authorized by Velocity.

57.     At all times relevant hereto, Velocity actively participated in the collection of consumer debts allegedly owed by Plaintiff and other New Jersey consumers.

58.     Therefore, not only is Velocity liable for the acts and omissions of its agent-Convergent, but for its own acts in hiring and directing Convergent to collect debts for Velocity.

59.     By attempting to collect consumer debts without a license to do so under the NJCFLA, Defendants violated the following provisions of the FDCPA:

a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

d. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

e. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

f. Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

60.     The violations of the FDCPA described herein constitute *per se* violations.

61.     Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raven Z. Wallace demands judgment against Defendants, and Convergent Outsourcing, Inc. and Velocity Investments, LLC as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq.as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.      For pre-judgment and post-judgment interest; and

F.      For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Dated: July 19, 2017               Yongmoon Kim
                                   *Attorneys for Plaintiff and the Proposed Class*